**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

MARVIN GUDIEL MENDOZA AILON,

    Petitioner,

    v.

WARDEN, *Caroline Detention Facility, et al.,*

    Respondents.

Case No. 2:26-cv-601

## ORDER

Petitioner Marvin Gudiel Mendoza Ailon filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that he has been unlawfully detained at the Caroline Detention Center in Bowling Green, Virginia, since May 19, 2026. ECF No. 1. The petitioner challenges ICE's failure to provide him with a bond hearing under 8 U.S.C. § 1226(a). *Id.* at 6. For the reasons stated below, the petition will be **GRANTED**, and the Court will order the respondents to provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a).

## I.    BACKGROUND

The petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. The Court ordered the respondents to "file either a notice indicating that the factual and legal issues presented in this petition do not differ in any material fashion from those presented in *Ceba Cinta v. Noem, et al.*, No. 1:25-cv-1818 (E.D. Va. Oct. 29, 2025), or an opposition to the petition discussing the material

differences between *Ceba Cinta* and this petition." ECF No. 4 at 1–2. The Court further ordered that, if the respondents filed a notice that there are no material differences between this petition and *Ceba Cinta*, "each of the substantive filings in that habeas proceeding will be incorporated into this habeas proceeding, and this Court will issue a ruling without further filings from the parties." *Id.* at 2.

The respondents complied with the Court's Order and "submit[ted] that the factual and legal issues presented in the petition do not differ in any material fashion from those presented in *Ceba Cinta.*" ECF No. 6 at 1. The respondents also contend that "consistent with its Order, the Court should incorporate the filings in *Ceba Cinta* into the record of this habeas action." *Id.* at 2.

The Court therefore incorporates the respondents' merits briefing in *Ceba Cinta v. Noem, et al.*, No. 1:25-cv-1818 (E.D. Va. Oct. 29, 2025), ECF No. 9, and dispels with further briefing by the parties.

## II.  LEGAL STANDARD

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### III.   ANALYSIS

The question presented here—as has been presented in numerous other petitions within this district and around the country—is whether the petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

The petitioner contends that the discretionary detention provisions of 8 U.S.C. § 1226 entitle him to a bond hearing. ECF No. 1 at 6. In opposition, the respondents rely on their arguments incorporated by this Court from *Ceba Cinta v. Noem, et al.*, No. 1:25-cv-1818 (E.D. Va. Oct. 29, 2025).[1] Here, as in *Ceba Cinta*, the respondents insist (1) that the petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions, *Ceba Cinta*, No. 1:25-cv-1818, ECF No. 9 at 7–17; and (2) that his constitutional due process rights have not been violated, *id.* at 17–25.

The parties' arguments are substantially similar to others made in recent § 2241 habeas actions in the Eastern District of Virginia, including *Ceba Cinta. See, e.g., Sibran-Juares v. Washington Field Office Dir.*, No. 3:26-cv-29, 2026 WL 414938, at *3–6 (E.D. Va. Feb. 15, 2026) (rejecting the same arguments made in *Ceba Cinta*); *Velas Velasquez v. Noem*, No. 3:25-cv-998, 2026 WL 279226, at *4 n.14 (E.D. Va. Feb.

---

[1] The respondents' arguments were rejected in *Ceba Cinta* and have also been raised and decided throughout the country. The vast majority of the courts addressing this issue have concluded that 8 U.S.C. § 1226(a) pertains, meaning petitioners like Chiluisa Nieto should receive a bond hearing. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) ("[O]f the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here.").

3, 2026) (collecting thirty cases in this District rejecting the same arguments); *Madrid v. Crawford, et al.*, No. 3:26-cv-65, ECF No. 6 (E.D. Va. Feb. 18, 2026) (collecting twenty-six cases in this district rejecting the same arguments); ECF No. 8 ¶¶ 27–28 (collecting cases).[2] The petitioner raises no new issues, and the respondents raise no new arguments that would compel a different outcome.

### A.      Entitlement to a Bond Hearing

The petitioner argues that his detention is governed by the discretionary detention provisions of 8 U.S.C. § 1226 rather than the mandatory detention provision in § 1225(b)(2). ECF No. 1 at 6. The respondents argue that the petitioner's detention is lawful under the Immigration and Nationality Act (INA) because the petitioner was not legally granted entry into the country and is therefore an "applicant for admission," meaning § 1225(b)(2) governs his detention. *Ceba Cinta*, No. 1:25-cv-1818, ECF No. 9 at 7–17.

For the reasons stated by the court in *Ceba Cinta*, as well as many other decisions issued by courts in this district and across the country, this Court concludes that 8 U.S.C. § 1226(a)'s discretionary framework governs the petitioner's detention. *Ceba Cinta*, No. 1:25-cv-1818, ECF No. 11 at 3–5. The petitioner has been present in the United States since at least 2024. ECF No. 1 at 5. He is therefore not an "applicant

---

[2] Where courts have required that a petitioner be provided a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond. *See, e.g., Ortega-Miranda v. Bondi*, No. 3:25-cv-769, ECF No. 21 (E.D. Va. Feb. 3, 2026) (released after satisfying bond of $1,500); *Gomez Alonzo v. Simon, et al.*, No. 1:25-cv-1587, ECF No. 20 (E.D. Va. Oct. 9, 2025) (released after satisfying bond of $1,500); *Campos-Flores v. Bondi*, No. 3:25-cv-797, ECF No. 19 (released after satisfying bond of $10,000).

for admission" subject to the mandatory detention provisions of § 1225. Rather, he falls within the discretionary provisions of § 1226(a), which sets the "default rule" for detaining and removing noncitizens already present in the United States. *Jennings v. Rodriguez*, 583 U.S. 281, 288–90, 303 (2018).

Under § 1226(a) and its implementing regulations, the petitioner is entitled to a bond hearing before an immigration judge, in which the immigration judge must determine whether he poses a danger to the community and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an immigration judge makes such a determination, the petitioner's continued detention is unlawful.

The Fifth Circuit recently reached a contrary ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). But out of circuit precedent is not binding on this Court, and this Court declines to follow the majority's "strained" reasoning in *Buenrostro-Mendez. Madrid*, No. 3:26-cv-65, ECF No. 6 at 6 (rejecting the majority's reasoning and instead finding the dissent's reasoning "persuasive"); *see also, e.g.*, *Choc Cu v. Crawford et al.*, No. 1:26-cv-398, ECF No. 6 at 2 n.2 (E.D. Va. Feb. 17, 2026); *Sibrian-Juares v. Wash. Field Off. Dir.*, No. 3:26-cv-29, 2026 WL 414938, at *3 n.8 (E.D. Va. Feb. 15, 2026); *Camacho v. Perry*, No. 3:26-cv-76, 2026 WL 414937, at *3 n.7 (E.D. Va. Feb. 15, 2026); *Temiz v. Lyons et al.*, No. 1:26-cv-301, ECF No. 5 at 4 n.4 (E.D. Va. Feb. 12, 2026); *Izara-Lopez v. Bondi et al.*, No. 1:26-cv-303, ECF No. 6 at 4 n.4 (E.D. Va. Feb. 12, 2026); *Orozco Herrera v. Crawford et al.*, No. 1:26-cv-326, ECF. No. 5 at 4 n.3 (E.D. Va. Feb. 9, 2026).

The Fifth Circuit held that the Board of Immigration Appeals (BIA) had correctly interpreted § 1225(b)(2)(A) to require mandatory detention for noncitizens in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[3] But this conclusion largely rests on equating the terms "applicant for admission" with "seeking admission," disregarding longstanding agency practice and the plain text of the statute. *Compare Buenrostro-Mendez*, 166 F.4th at 502–06 (majority) *with id.* at 510–17 (dissent articulating the plain text and lengthy agency practice). For example, the use of active language in § 1225, which requires an applicant be "seeking admission" to the United States, suggests that the noncitizen must be taking active steps toward "seeking admission" and that presence in the country is not enough. *Id.* at 510–12.

---

[3] For decades, immigration judges have "conducted bond hearings for aliens who entered the United States without inspection." *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 n.6 (BIA 2025). But on July 8, 2025, DHS issued an internal memorandum to ICE employees that "DHA, in coordination with the Department of Justice (DOJ), has revisited its legal position on detention and release authorities" and determined that the mandatory detention provisions of § 1225 "is the applicable immigration detention authority for all applicants for admission." AILA Doc. No. 25071607, *ICE Memo: Interim Guidance Regarding Detention Authority for Applicants for Admission* at 1, American Immigration Lawyers Association (July 8, 2025), https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last accessed Mar. 24, 2026); *see also Sibran-Juares*, No. 3:26-cv-29, ECF No. 12 at 9 n.12. The memorandum characterized, seemingly for the first time, all noncitizens who entered the United States without inspection as "seeking admission" regardless of how much time had passed since their entrance into the United States.

On September 5, 2025, BIA issued *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which articulated reasoning in line with the memorandum. But this Court owes the BIA no deference in its interpretation of the INA. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 395–96 (2024).

Additionally, the Fifth Circuit's conclusion conflicts with *Jennings v. Rodriguez*, 583 U.S. 281 (2018), in which the Supreme Court stated: "U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." 583 U.S. at 289. As the dissent in *Buenrostro-Mendez* explains in detail, the *Jennings* Court's reasoning aligns with the context and history of the INA provisions. *Buenrostro-Mendez*, 166 F.4th at 513–14. Therefore, *Buenrostro-Mendez* is not persuasive.

### B.    Fifth Amendment Due Process Rights

While the petitioner does not do so here, the petitioner in *Ceba Cinta* also contended that his continued detention without a bond hearing violated his due process rights under the Fifth Amendment's Due Process Clause. No. 1:25-cv-1818, ECF No. 1 at 11. The respondents argue that the petitioner's due process rights are governed only by the INA and that even if the petitioner is subject to the Fifth Amendment's due process protections, denying him a bond hearing does not violate his constitutional rights. *See id.*, ECF No. 9 at 17–25.

For the reasons articulated in *Ceba Cinta* and in numerous other cases in this district, the Court finds that the Fifth Amendment governs the petitioner's due process rights and that his continued detention without a bond hearing violates those rights. Applying the factors articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court concludes that the petitioner has a strong liberty interest and faces a

7

significant risk of erroneous deprivation in the absence of a bond hearing to which he is entitled under § 1226(a), and that the respondents have not demonstrated a sufficient governmental interest to justify continued detention without such a hearing. *See, e.g.*, *Duarte Escobar v. Perry*, 807 F. Supp. 3d 564, 581–84 (E.D. Va. 2025). Thus, all three *Mathews* factors support the petitioner's claim that his detention without a bond hearing violates due process.

## IV. CONCLUSION

For the reasons stated herein, Petitioner Marvin Gudiel Mendoza Ailon's petition (ECF No. 1) is **GRANTED**.

The respondents are **ORDERED** to provide the petitioner with a bond hearing in front of an immigration judge pursuant to 8 U.S.C. § 1226(a). The Court **ORDERS** that the immigration court provide the petitioner with the opportunity for a bond hearing prior to any hearing on the merits of his removal, and no later than three days from the date of entry of this Order.

The respondents are **ENJOINED** from denying bond to the petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

The respondents are **ORDERED** to file a status report with this Court within three days after the petitioner's bond hearing and prior to any hearing on the merits, stating whether he has been granted bond, and, if his request for bond was denied, the reason for that denial. Simply stating that the petitioner's request for bond was denied because he was deemed a "flight risk" or a "danger to the community," without more, is insufficient.

In the event the petitioner is released on bond, the respondents are **ENJOINED** from rearresting the petitioner, unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

Should the petitioner be released on bond, the respondents are **FURTHER ENJOINED** from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[4]

The Clerk is **DIRECTED** to send a copy of this Order to the petitioner.

**IT IS SO ORDERED**.

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
June 23, 2026

---

[4] Courts in this district have found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 661 (E.D. Va. 2025).